WILLIAM THOMAS PITTS ET AL. *v.* DANIEL T. MONTGOMERY.

1. CONTRACTS. *Penalty. Construction.*
   Penal contracts are strictly construed.

2. SAME. *Restraint of trade.*
   Contracts in restraint of trade are strictly construed.

3. SAME. *Case.*
   A contract for the sale of a livery stable by which the vendor, who at the time owned another stable, on a different lot, bound himself, under a penalty, "not to rent his stable or lot" to any person dealing in horses or mules, is not violated by the vendor building a stable on a different lot from either of those on which he had stables at the date of contract and renting it to a party engaged in the livery stable business.

FROM the circuit court of Sunflower county.

HON. FRANK E. LARKIN, Judge.

Montgomery, appellee, was plaintiff in the court below; Pitts and another were defendants there. The plaintiff recovered

a judgment in the circuit court for $250, the full penalty named in the contract on which the suit was based, and defendants appealed to the supreme court. The facts were these: In October, 1898, Pitts and another entered into a contract with Montgomery whereby they sold their entire livery stable and its outfit to Montgomery. The contract contained the following stipulation: "And the said M. L. and W. T. Pitts agree and promise not to engage in the livery stable business, nor do any draying for anybody but themselves, nor to rent their stable or lot to any person handling horses or mules in the town of Indianola, for the period of five years from this date. And the said M. L. and W. T. Pitts agree to pay to the said D. T. Montgomery the sum of $250 for any violation of this agreement, either directly or indirectly." Montgomery brought this suit against M. L. and W. T. Pitts to recover the amount of the penalty named in the agreement, alleging that defendants had violated their contract. The evidence showed that, at the time the sale was made, defendants owned a lot near the one on which the stable sold to Montgomery was situated, on which were their dwelling-house and a horse lot and stable; that they owned a vacant lot in the same town, but some distance away; that, about a year after the sale, defendants built a stable on this vacant lot. Plaintiff's evidence tended to prove that defendants had rented this new stable, within the five years specified in the contract, to parties who were engaged in the livery stable business and in buying and selling mules.

*Neill & Quinn,* for appellants.

The contract sued upon is a penal one, and, of course, should be strictly construed. If, under the facts, the plaintiff can recover at all, he was not entitled to the full penalty, but only to the extent of his damage. He did not prove any damage whatever, or establish facts from which anything more than mere nominal damages can be inferred. Clark on Contracts, 602.

It must be remembered, too, that the contract was in restraint of trade, and this affords a second ground for its strict construction. Construing the contract as the law requires, there was, under the facts of the case, no breach of it. It did not forbid appellants building a new stable on another lot from the one mentioned in the contract, and leasing it for livery stable purposes.

*Johnson & Chapman*, for appellee.

As a general rule, where the damages arising from a breach can be readily ascertained, and are much less than the sum stated in the contract, the stipulated sum will be treated as a penalty and only the actual damages will be allowed. On the other hand, where the damages arising from a breach are uncertain in the very nature of the case, not susceptible of being definitely ascertained, the parties have a right to agree upon and liquidate them, and the sum so agreed upon is the measure of recovery. 1. Addison on Contracts, 743; *Bright* v. *Rowland*, 3 How., (Miss.), 399; *Hathaway* v. *Lynn*, 6 L. R. A., 551 and note, 10 L. R. A., 926 and note. The case at bar clearly is of those in which the damages are uncertain—not susceptible of definite ascertainment by any character or amount of testimony, or by any process or calculation of reasoning.

What the contract means when it stipulates that the appellees shall not rent their stable or lot, is that they shall not rent any stable or lot they may own, indeed any stable or lot they may own during the stipulated five years. To confine the terms used in the paper to some particular lot or stable and exclude others, is to do violence to the plain meaning of the agreement, to lose sight of the circumstances surrounding the parties and the manifest object in view, to forget the spirit in a slavish seeking after the letter of the instrument.

Argued orally by *S. D. Neill*, for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

Because of the error in admitting evidence as to the vacant lot, not embraced in the contract, this case, under the rule of strict construction of penal contracts in restraint of trade, should be

<em>Reversed and remanded.   So ordered.</em>